UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID CRUTCHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-3030 ) |
| DAVID BROWNBACK, *et. al.*, | ) ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and presently a pretrial detainee at Christian County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he has a family history of congestive heart failure. Beginning on November 15, 2023, while at the Christian County Jail, Plaintiff began to have swelling in his lower extremities and pressure in his chest. He saw Defendant Nurse Wedlock about these symptoms, who believed he had rolled his ankle. His swelling and chest pain worsened and,

after filing out a medical request, he saw Defendant Dr. Duran. Defendant Dr. Duran determined that the swelling was caused from a mental health issue and removed Plaintiff's cholesterol medication.

Plaintiff has continued to file grievances about the swelling and chest pain, which has continued to worsen. Plaintiff alleges that Defendant Sergeant Brownback is responsible for answering grievances and medical inquiries during the day shift and Defendant Sergeant Bergschneider is responsible for answering medical inquires during the night shift.

By January 20, 2024, Plaintiff also began feeling like he is drowning when he sleeps. Plaintiff has informed every jail officer, each of whom indicates that they will report the swelling and pain to their supervisors. On February 9, 2024, Plaintiff showed his swollen leg to Defendant Jail Officer Palmer and tells him about the chest pain and shortness of breath. Defendant Palmer stated "I am not a fucking doctor," and "What the fuck you want me to do about it." Plaintiff also specifically mentions telling Defendant Sergeant Bergschneider and she told him to fill out a sick call request. Plaintiff seeks both monetary damages as well as proper treatment of his conditions.

Plaintiff states a Fourteenth Amendment claim for inadequate medical care against the named Defendants. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for inadequate medical care against the named Defendants. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The**

**plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

      **3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of Page 3 of 4 service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

      **4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

      **5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

      **6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

      **7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

      **8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on the named Defendants pursuant to the standard procedures.

Entered this 28th day of March, 2024.

                                              /s/ Sara Darrow
                                              SARA DARROW
                                          CHIEF U.S. DISTRICT JUDGE